## ADDITION TO TAX LIST WITHOUT NOTICE FOR ALTERATION OF OLD STRUCTURE.

[Circuit Court of Hamilton County.]

STATE OF OHIO, EX REL KRAMER, v. LEWIS, COUNTY AUDITOR.

Decided, February, 1903.

1. An error in a tax list, which has been committed by a board of equalization, or by any other board or officer, while acting without authority of law, or in excess thereof, can not be said to be fundamental and beyond the power of the county auditor to correct.
2. An addition to the tax list, because of the alteration of an old structure, and without proper notice to the owner of the property, is a manifest error, made without authority of law, and one which the county auditor should correct.

SWING, J.; JELKE, J., AND GIFFEN, P. J., concur.

This is an action in mandamus. The relator asks to have the auditor correct his tax list as to a certain lot owned by him, and to call the attention of the county commissioners thereto, as is provided under Section 1038, R. S.

The case is submitted on an agreed statement of facts.

Under the decision in case of *Schindler v. Louis,* 16 C. C., 348,

the addition made to the valuation of the relator's property by the board of supervisors was not for a new structure, but for the alteration of an old structure.

It was therefore necessary for said board to give notice to the property owner before making such an addition, and this, it is admitted, was not done. Therefore, it must be admitted that the board had no authority in law to make the addition which was made.

There is only one question, therefore, presented to us, whether Section 1038 R. S. affords to the relator the relief asked.

It is claimed by the auditor that only clerical errors can be corrected by him under this section, and that the one in question is not clerical but fundamental.

This section of the statute was before the Supreme Court of Ohio in the case of *State, ex rel Poe,* v. *Raine, Aud.,* 47 O. S., 447. The fourth proposition of the syllabus is as follows:

"When such boards undertake to reduce the valuation of certain lots or tracts of land found on the duplicate of the preceding year without adding to other parcels thereof an amount at least equal to the attempted reduction, they exceed their authority, and their action being without warrant of law should be disregarded by the county auditor; and, if instead of disregarding the same, he transfers to the new tax duplicate such lands at the reduced valuation, the error thereby committed is not fundamental, but is a clerical one, which it is his duty to correct, and the auditor of state has authority to direct and require him to make the correction."

At page 456, Judge Bradbury says:

"McIlvaine, J., on page 574, saying in this connection: 'True it was held in *State* v. *Commissioners of Montgomery County,* 31 O. S., 271, that the corrections which the auditor may make under this section are merely clerical. The error to be corrected in relation to the plaintiff's taxes was the deduction of the re-insurance item from its credits. *No fact is to be inquired into. Every necessary fact appears on the face of the return.* Charge the proper rate of taxes upon the amount of credits returned without any deduction on account of the re-insurance item and the error in the amount of plaintiff's taxes will be corrected—clerical merely.

"This case shows that the term 'clerical error' is not limited to such mistakes as occur in copying or in computations. Errors by which property escapes its lawful share of taxation must of necessity be either fundamental, and thus beyond the power of a county auditor to correct, or clerical merely and therefore within that power. The difficulty, however, lies in the attempt to distinguish them. While we are not required in this case to lay down rules, if that were possible, by which in all cases the character of these—as being fundamental or merely clerical—may be determined, yet, certainly those only are to be deemed fundamental that pertain to the very foundation upon which a tax rests. This, of course, includes defects and imperfections in the law itself and errors of judgment committed by public boards acting within the scope of their authority. But can an error be said to be fundamental and thereby placed beyond the power of a county auditor to correct when it has been committed by a board of equalization or by any other board or officer while acting without authority of law or in excess thereof? We think not. And if when we come to examine the acts of the boards of equalization which are under consideration in this action, it shall appear that they acted without warrant of law or exceeded their authority, their errors so committed are not in any sense of the term fundamental and may therefore be corrected by the county auditor."

It seems to us that this decision fully covers the question here presented and is decisive of it.

If it were a question as to whether the board of supervisors had placed a correct addition to the tax valuation of the property in dispute, it would be a matter that the auditor could not correct, for that is a matter that is left to he judgment of that board, and the error, if any, would be fundamental; but this board can only place an addition to the tax valuation of a piece of property when it proceeds according to law, and in this case, after it has given notice to the property owner, which it was admitted was not done here. In fixing the amount that should be added, the board exercised its judgment, but in placing it on the duplicate it was not exercising any judgment and was not proceeding according to law, but on the contrary, it was purely arbitrary and contrary to law. This is an error that the auditor should correct, and in doing so, he is not undoing anything which they had a right to do, but simply correcting a manifest error that they had done without the slightest authority of law to do.

The Harris case is the same in principle as this, and is governed by it.

Decree. for plaintiff.

*Dan. Thew Wright,* for the relator.

*Ampt, Ireton & Collins,* contra.

---

## TRUSTEE'S BOND INVALIDATED BY FAILURE OF THE COURT'S JURISDICTION.